MAYOR OF CHELSEA *vs.* TREASURER OF CHELSEA. June 25, 1986. *Municipal Corporations,* Treasurer, Auditor, Expenditure of money. *Chelsea.*

This action was brought in the Superior Court by the mayor of Chelsea against the treasurer of that city. The mayor sought an order to compel the treasurer to pay a bill, approved by the auditor and presented for payment. A Superior Court judge held that the treasurer did not have legal authority to pay the bill and dismissed the action. The mayor contends that the judge's action constituted error. We affirm.

The relevant facts are not disputed. The mayor signed a contract with Joseph W. Monahan, III, an attorney, to handle labor and personnel matters on behalf of the city. The mayor specifically agreed that the city would pay any and all costs of investigative services relating to the performance of those legal services. The contract was to be effective from August 6, 1984, until June 30, 1985. Pursuant to the contract, Monahan represented the mayor in a civil service hearing concerning the dismissal of the police chief of the city.

On September 13, 1984, Monahan submitted an itemized bill to the city for his services together with an itemized bill from Mills Investigations, Inc. (Mills), for services rendered in connection with the dismissal hearing. The bill, totaling $12,157.50, included a charge of $5,040 for the services of Mills. The head of the city's law department and the mayor approved the $7,117.50 portion of the bill which reflected Monahan's work. That part of the bill was then submitted to the auditor for her approval. See, G. L. c. 41, § 52.[1]

[1] General Laws c. 41, § 52, states, in part, "The auditor . . . shall approve the payment of all bills . . . before they are paid by the treasurer, and may disallow and refuse to approve for payment, in whole or in part, any claim as fraudulent, unlawful or excessive."

Subsection (b) of § 2-109 of the revised ordinances of Chelsea sets out the procedure that must be followed by the auditor before a bill is approved. The ordinance states that the auditor "shall . . ., before approving such bills . . . present them to the committee on accounts of the board of aldermen for examination. Such committee shall carefully examine all such bills . . . and if it finds any of them illegal or unauthorized, shall report such fact in writing to the city auditor forthwith, and to the board of aldermen . . ... After such notice from the committee on accounts, the city auditor shall withhold his approval from any such bill . . . until the board of aldermen shall have acted on same." Despite this requirement, the auditor approved the bill without submitting it to the board of aldermen (board).

On November 7, 1984, the board passed an order requiring the auditor and treasurer to notify the board "before signing any and all warrants, vouchers or checks for legal fees requested for payment by a department head or by the [m]ayor." The mayor promptly vetoed that order, but his veto was overridden by the board on November 19, 1984. On November 13, the head of the city's law department and the mayor approved the payment of the Mills portion of the bill. The auditor then approved for payment by the treasurer, the Mills portion of the bill, without submitting it for examination by the committee on accounts. Some time after November 13, 1984, but before November 19, 1984, the auditor orally instructed the treasurer to pay the bill. However, on November 19, 1984, the board passed another order prohibiting the auditor and treasurer from making any payment to Monahan or Mills until the board determined "with the assistance of the [t]reasurer and [a]uditor that the suggested payments are justified and proper." Undoubtedly because of the controversy, the treasurer refused to pay the Mills portion of the bill, and the mayor brought this action.

The judge relied on the failure of the auditor to comply with § 2-109(b) as the basis for her ruling that the treasurer lacked legal authority to pay the bill. She ruled that it is a prerequisite to payment by the treasurer that a bill be "properly presented for payment." *Treasurer of Rowley* v. *Rowley,* 393 Mass. 1, 7 (1984), quoting from 15 McQuillin, Municipal Corporations § 42.16 (3d ed. 1970). The judge noted that subsection (c) of § 2.109 of the revised ordinances of Chelsea provides that the "city treasurer shall pay no bills . . . until the same shall have been *duly* approved by the city auditor. . ." (emphasis supplied). She reasoned that because the auditor had approved the bill without submitting it to the committee on accounts as required by the ordinance (§ 2-109 [b]) the bill was not "*duly*" approved by the auditor, and as a consequence, was not properly presented for payment to the treasurer.

The mayor contends that G. L. c. 41, § 52 (note 1, *supra*), grants to a city auditor the sole power to approve bills for payment by the treasurer and nothing in that statute permits that power to be shared by a board or other city officer. Therefore, he argues, it was not necessary for the auditor

to send this bill to the board prior to his approval because the ordinance is illegal.[2] We disagree.

The mayor's argument is based on a misreading of § 2-109(b). That ordinance does not grant to the board or any of its committees the right, equal to the auditor, to approve bills before their payment. It states that the board's committee shall *examine* bills prior to approval by the auditor. The power to examine is not the same as the power to approve.[3] We see nothing wrong in a city's establishing a procedure whereby the bills subject to payment are examined by an officer or body in addition to the auditor. The ordinance, in our view, does not conflict with G. L. c. 41, § 52. Because the auditor failed to comply with the requirements of the ordinance prior to approving the bill, the judge was correct in ruling that the treasurer did not have the authority to pay the bill.

*Judgment affirmed.*

*Stephen P. Karll,* Assistant City Solicitor, for the plaintiff, submitted a brief.


---

[2] The mayor does not present any claim that the ordinance is in violation of art. 30 of the Declaration of Rights of the Massachusetts Constitution (separation of powers) nor does he argue that it violates the city charter.

[3] We note that the ordinance states that if the auditor receives notice from the committee on accounts that a bill is illegal or unauthorized, he must "withhold his approval from any such bill . . . until the board of aldermen shall have acted on same." We emphasize that that situation is not present in the instant case, and we make no comment on it. Here, the auditor never sent the bill to the board or its committee for examination.